Mitchell B. Seidman (MS0894)
Andrew Pincus (AP9295)
**SEIDMAN & PINCUS, LLC**
*Pro Se*
777 Terrace Avenue, 5th Floor
Hasbrouck Heights, New Jersey 07604
(201) 473-0047

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JOHN HENRY EWING,<br><br>                              Debtor. | Chapter 7<br>Case No. 08-22153 (MBK) |
| SEIDMAN & PINCUS, LLC f/k/a<br>SEIDMAN & ASSOCIATES, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN HENRY EWING,<br><br>                              Defendant. | Adv. Proc. No. 08-<br><br>**COMPLAINT TO DETERMINE<br>NON-DISCHARGEABILITY<br><u>OF DEBT TO PLAINTIFFS</u>** |

Plaintiff Seidman & Pincus, LLC f/k/a Seidman & Associates, LLC, acting *pro se*, as and for its complaint against John Henry Ewing, the above-captioned debtor and defendant, alleges as follows:

**PARTIES**

1.     Plaintiff is a limited liability company organized and existing pursuant to the laws of the State of New Jersey, which maintains a principal place of business at 777 Terrace Avenue, 5th Floor, Hasbrouck Heights, New Jersey 07604.

2.  Defendant John Hentry Ewing is an individual residing at 1215 Fellowship Rd, Basking Ridge, New Jersey 07920.

### JURISDICTION AND VENUE

3.  On June 30, 2008 (the "Petition Date"), Defendant filed a voluntary petition for relief pursuant to chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey.

4.  This Court has jurisdiction over this matter pursuant to pursuant to 28 U.S.C. §§ 157 and 1334.

5.  This is an action pursuant to Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure for a determination that a debt owed by defendant to plaintiff is not dischargeable under §§ 523(a)(2)(A) of the Bankruptcy Code. As such, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (O).

6.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### CLAIM FOR RELIEF

7.  Plaintiff is a law firm engaged in the business of providing legal services to its clients.

8.  In or about 2007, defendant engaged plaintiff pursuant to written retainer agreements to provide legal services in certain matters. In the respective retainer agreements, defendant agreed to pay the legal fees and expenses incurred by plaintiff in connection with the matters for which defendant retained plaintiff.

9.  At various times throughout 2007 plaintiff provided legal services to defendant as requested by defendant.

10. At various points throughout the representation, plaintiff indicated that unless defendant complied with the retainer agreements and made payment for the legal fees and reimbursed out-of-pocket expenses incurred by plaintiff in the representation of defendant, then plaintiff would be forced to withdraw from the representation.

11. To induce plaintiff to continue providing legal services to defendant, defendant represented to plaintiff that he owned certain real estate and certain marketable securities that he would liquidate in order to make payment to plaintiff pursuant to his obligations under the retainer agreements.

12. The representations made by defendant concerning his ownership of real estate and marketable securities were materially false when made, and defendant knew or should have known that they were materially false when made.

13. Defendant made the false representations with the specific intent and purpose of inducing plaintiff to continue to provide legal services to defendant and to continue to incur expenses on defendant's behalf.

14. In reasonable and justifiable reliance on the representations, plaintiff continued to provide legal services to defendant and to incur expenses on behalf of defendant.

15. As a direct result of defendant's false representations, plaintiff incurred legal fees and expenses in the aggregate amount of $14,262.41, no part of which has been paid, despite demand.

16. As a result of the foregoing, defendant obtained money, property or services from plaintiff through false pretenses, false representations or actual fraud.

17. Accordingly, the debt owed by defendant to plaintiff is not dischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code.

**WHEREFORE**, plaintiff demands judgment against defendant (i) determining the debt owed by defendant to plaintiff is not dischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code; (ii) awarding plaintiff costs and expenses, including reasonable attorney's fees and the costs of suit; and (iii) awarding plaintiff such other and further relief as may be just and proper.

Dated:    October 26, 2008

                                         **SEIDMAN & PINCUS, LLC**
                                         *Counsel to Plaintiffs*

By:    /s/ Mitchell B. Seidman
          Mitchell B. Seidman (MS0894)
          Andrew Pincus (AP9295)
          777 Terrace Avenue, 5th Floor
          Hasbrouck Heights, New Jersey 07604
          (201) 473-0047